UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH KEE,           Petitioner, | ) ) ) ) |
| v. | ) No. 1:20-cv-02468-JRS-TAB ) |
| WENDY KNIGHT,           Respondent. | ) ) ) ) |

### ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

In May 2020, Kenneth Kee made a series of phone calls from the Correctional Industrial Facility to a woman outside the prison. Prison staff surveilled the calls and determined that Mr. Kee was relaying other inmates' birth dates and social security numbers to his partner so they could deposit the inmates' economic stimulus payments. Based on these calls, the prison staff charged Mr. Kee with eight Disciplinary Code violations.

In case CIC 20-06-0157, the prison disciplined Mr. Kee for possessing another inmate's personal information in violation of Code 247. In his petition for a writ of habeas corpus, Mr. Kee challenges that disciplinary action and asks the Court to restore his lost credit time. Because Mr. Kee has not demonstrated that he was disciplined in violation of the law, the Court denies his petition and directs the clerk to enter final judgment in the respondent's favor.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

The parties do not dispute the basic facts. On May 25, 2020, Mr. Kee called his partner and provided names, social security numbers, and dates of birth of several inmates. One was Antoine Russell. Dkt. 9 at 2. Mr. Kee spelled out Russell's first name, middle initial, and last name, then confirmed that his partner took the information down correctly. *Id.* Mr. Kee also relayed a nine-digit number (presumably Russell's social security number) and then a three-number sequence (presumably his birthdate). *Id.*

Intelligence Analyst S. Gosser wrote a conduct report describing the May 25 call, stating in relevant part:

> Offender Kee did not receive prior approval from the Warden or through a Court Order before obtaining the personal information of another offender. Additional information from offender Kee's phone calls explain that [his partner] is using the personal information of offenders to file stimulus checks using their identity.

Dkt. 8-1.

The prison staff charged Mr. Kee with possessing Russell's personal information in violation of Code 247. Dkt. 8-3. The screening report notifying Mr. Kee of the disciplinary charge indicates that he declined to request any witness testimony or evidence to present at his disciplinary hearing. *Id.* Mr. Kee signed the screening report. *Compare id. with* dkt. 1 at 3.

Officer Schildmeier conducted a disciplinary hearing on June 23, 2020. Dkt. 8-5. According to the hearing report, Mr. Kee did not deny that he possessed Russell's personal information. Instead, he stated he was simply "trying to help" Russell. *Id.* Mr. Kee argues in his petition that the prison staff denied him access to transcripts of the relevant phone calls. Dkt. 1 at 2. Officer Schildmeier attests that he allowed Mr. Kee to *review* the transcripts but not to *keep* them, as they included inmates' confidential personal information. Dkt. 8-11 at ¶ 5.

Officer Schildmeier found Mr. Kee guilty and assessed sanctions, including a deprivation of earned credit time. Dkt. 8-5. Mr. Kee appealed that decision on three grounds:

1. He was charged with and sanctioned for eight disciplinary violations arising out of one phone call, but they should have been charged and sanctioned as one offense.

2. His requests for the transcripts were denied.

3. He should have been charged with the lesser violation of Code 361 instead of Code 247.

*See* dkt. 8-6. Both of his administrative appeals were unsuccessful. *Id.*; dkt. 8-7.

### III. Analysis

In his petition, Mr. Kee contests his disciplinary conviction on the same grounds he raised in his administrative appeals. Dkt. 1 at 3. Because none of his challenges reveals a due process violation, the Court must deny his petition.

**A.     Sufficiency of Evidence**

Mr. Kee argues that he should have been charged with violating Code 361, a lesser offense. This is another way of saying that the evidence did not support his conviction under Code 247.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*,

3

288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Code 247 prohibits "[p]ossessing or soliciting unauthorized personal information regarding another offender . . . except as authorized by a court order or as approved in writing by the Warden." Dkt. 8-8 at § 247. The Code features a non-exhaustive list of relevant information, including social security numbers, that inmates may not possess without authorization. *Id.*

Some evidence supports the hearing officer's conclusion that Mr. Kee possessed Russell's social security number and date of birth. He does not dispute that he read those numbers to his partner over the phone. Moreover, Mr. Kee does not contend that he had authorization from a court or from the Warden to do so. Both Intelligence Analyst Gosser and Officer Schildmeier determined that this violated Code 247. Whether these facts might better fit a different Disciplinary Code provision is not a question for this Court. There is some evidence—undisputed evidence—supporting the hearing officer's decision. That is all due process requires, and it ends this Court's inquiry. *Jones*, 637 F.3d at 849.

4

### B.     Denial of Evidence

Mr. Kee asserts in his petition that he requested a copy of the telephone transcript but was refused. Dkt. 1 at 2. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847. Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

As the petitioner, Mr. Kee faces the burden of establishing that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Officer Schildmeier attests that he allowed Mr. Kee to *review* the transcript. Dkt. 8-11 at ¶ 5. Even if this is untrue, the transcript is neither exculpatory nor material. The transcript documents that Mr. Kee spelled out Russell's name and then relayed his social security number and birth date. Dkt. 9 at 2. It is evidence that Mr. Kee committed exactly the conduct he was charged with committing. For purposes of CIC 20-06-0157, the transcript was *incriminating*, and the prison staff could not have denied him due process by withholding it.

### C.     Multiple Punishments

Finally, Mr. Kee argues that the prison staff should have assessed one punishment for all eight disciplinary charges rather than assessing eight separate penalties. The Seventh Circuit recently dismissed this argument. "[B]ecause multiple withdrawals of good-time credits for the same misconduct can never force an inmate to serve more time in prison than a court sentenced

5

him to serve, due process is respected." *Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019) (citing *McNeil v. Dir., Patuxent Inst.*, 407 U.S. 245, 246 (1972)). The Constitution permitted the prison staff to discipline Mr. Kee for multiple offenses arising from the same incident.

Mr. Kee acknowledges this but asks the Court to "hold the Respondent to fairness and equity." Dkt. 14 at 2. But the Court may not "add to the procedures required by *Wolff*." *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)). Those procedures allow prisons to enforce multiple punishments from one incident.

To the extent Mr. Kee's punishment ran afoul of the prison's own policies—as he argues at length, *see* dkt. 14—he has not identified a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Kee's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Kee's petition for a writ of habeas corpus is **denied** and the action is **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/1/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH KEE
995578
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Ian Thomas Mathew
INDIANA ATTORNEY GENERAL
ian.mathew@atg.in.gov

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov